UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cr-496-VMC-AEP
18 U.S.C. § 2252(a)(4)(B)
(Possession of Child Pornography)

JACK WILLIAM ROCKER

## INFORMATION

NOV 15 2024 PM 3:32
FILED - USDC - FLMD - TPA

The United States Attorney charges:

### COUNT ONE
**(Possession of Child Pornography)**

From an unknown date, but no later than on or about January 19, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JACK WILLIAM ROCKER,

did knowingly possess, and access with intent to view, matters which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce, and that had been produced using materials which had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, by any means when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, and the depiction involved a prepubescent minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## **FORFEITURE**

1.    The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

2.    Upon conviction of a violation of 18 U.S.C. § 2252(a)(4)(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a.    Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.    The property to be forfeited includes, but is not limited to, the following: iPhone 12, Model: A2172, SIN:FGIHN60VODXP, Acer Laptop, Model: n18c3, SIN: NHQ5UAA00191401A843400, and PNY 256GB thumb drive, which were used to commit of promote the commission of the offense.

4.    If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

ROGER B. HANDBERG
United States Attorney

By: _____
Karyna Valdes
Assistant United States Attorney

By: _____
Ilyssa Spergel
Assistant United States Attorney

By: _____
Daniel Marcet
Assistant United States Attorney
Chief, National Security Section