UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                         CASE NO. 8:24-cr-496-VMC-AEP

JACK WILLIAM ROCKER

**UNITED STATES' MOTION IN OPPOSITION TO DEFENSE MOTION TO SEAL PLEADINGS**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, opposes defense motion to seal the Government's Notice of Maximum Penalties, Doc. 5, and states the following in support thereof:

**1. Background**

On December 16, 2024, Jack Rocker, the defendant, entered a knowing and voluntary guilty plea to an Information, which charged him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 1. The defendant waived his right to proceed forward by Indictment. Doc. 3. The Government filed a Notice of Maximum Penalties, Doc. 5., to establish the facts present in this case to meet each element of possession of child pornography, as well as to notice defense of the maximum penalties associated with this charge. On December 16, 2024, the defense filed a separate notice of factual basis in support of the guilty plea. Doc. 9.

On December 13, 2024, defense filed a motion to seal the Government's Notice of Maximum Penalties, stating it contained sensitive victim information and arguing the factual basis put defendant's safety at risk. The Government's notice,

however, does not contain any sensitive information in need of safeguarding from public scrutiny.

**2. Memorandum of Law**

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings. Open criminal proceedings have been an 'indispensable attribute of Anglo-American trial' for centuries." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). This right extends not just to the criminal trial, but the trial process, as well as docket sheets. *Id*. at 1029. "In order to overcome the First Amendment presumption of openness, a party must show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Id*. at 1030; *United States v. Steinger*, 626 F. Supp. 2d 1231, 1233 (S.D. April 28, 2009).

There also exists a common-law right of access to court documents and filings, which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id*.; *Romero v. Drummond Co. Inc.*, 480 F. 3d 1234, 1246 (11th Cir. 2007). Courts consider factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, and the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing documents." *Id*.

In this case, there are no sufficiently compelling interests to justify the denial of public access. The defense requests sealing the Governments Notice of Maximum Penalties, or the following two portions (1) the list of known victims and (2) the factual basis. The defense cites safety concerns for the defendant in prison as his main reason for his request.

As to the list of known victims, this list consists of pseudonyms for identified series of child pornography by the National Center for Missing and Exploited Children. There is nothing identifying about the pseudonyms that could lead to the identification of minor victims and therefore, no privacy issues exist warranting this document to be sealed. It simply put defense on notice of the number of victims in this case and the potential for restitution from each.

As to the factual basis, the Government put forth facts sufficient to prove each element of the crime charged. Unfortunately, the facts of this case are egregious. Defense was able to file his own version of a notice of max penalties. This defendant is similarly situated to every other individual charged with a child exploitation offense. The defense has not put forth facts sufficient to override the presumption of access to information.

WHEREFORE, the Government respectfully requests that the defendant's motion be DENIED.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    */s/ Ilyssa Spergel*
Ilyssa Spergel
Assistant United States Attorney
Florida Bar No.: 102856
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Ilyssa.Spergel@usdoj.gov

*/s/ Karyna Valdes*
Karyna Valdes
Assistant United States Attorney
Florida Bar No. 0122261
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Karyna.Valdes@usdoj.gov

**U.S. v. Jack William Rocker**          **Case No. 8:24-cr-00496-VMC-AEP**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 27, 2024, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Tim Fitzgerald Esq.

<u>*/s/ Karyna Valdes*</u>
Karyna Valdes
Assistant United States Attorney
Florida Bar No. 0122261
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Karyna.Valdes@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                            CASE NO. 8:24-cr-496-VMC-AEP

JACK WILLIAM ROCKER

**<u>ORDER</u>**

This matter before the Court is the Defendant's motion to seal the Government's Notice of Maximum Penalties.

It is hereby ORDERED that the Defendant's motion to seal the Government's Notice of Maximum Penalties, be DENIED.

DONE AND ORDERED in Chambers at Tampa, Florida, this ___ day of December, 2024.

                                    _____
                                    HON. ANTHONY E. PORCELLI
                                    United States Magistrate Judge

Copies to:   Ilyssa Spergel
               Assistant United States Attorney

               Karyna Valdes
               Assistant United States Attorney